**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CRIMINAL NO. 95-30112-GPM |
| **YANCEY LAMAR WHITE,** | ) ) ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On July 3, 2008, Yancey Lamar White filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582 (Doc. 105). The Court appointed counsel to represent White on this issue, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 108). *See Anders v. California*, 386 U.S. 738, 744 (1967). White did not respond to the motion to withdraw, even though he was given an opportunity to do so.

On August 9, 1996, District Judge Paul E. Riley sentenced White to a 120 month term of imprisonment (*see* Doc. 59). As part of this sentence, White was ordered to serve eight years on supervised release following his release from the Bureau of Prisons. His supervision commenced on April 1, 2005, but two months later, the Government petitioned the Court to revoke his supervised release (*see* Doc. 85). After a hearing on an amended petition to revoke in July 2006 (*see* Doc. 98), White was sentenced to a 46 month term of imprisonment (*see* Docs. 99, 100).

Because White has already served his original prison sentence, he is not entitled to a sentence reduction. *See United States v. Forman*, 553 F.3d 585, 589 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009). As the Seventh Circuit noted in *Forman*, Application Note 4(A) to United States Sentencing Guideline § 1B1.10 anticipates and forecloses an argument that a term of imprisonment imposed after revocation of supervised release can be reduced following the crack cocaine amendment: "This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 108) and **DISMISSES** the motion for a sentence reduction (Doc. 105) for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: 08/05/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge